Vicente Tosado Zamot, demandante, apelado y apelante, *v.* Francisco Morell y Francisco Morell, Jr., demandados, apelante el segundo y apelados.

Núm. 9915.—*Sometido:* Junio 2, 1949. *Resuelto:* Junio 15, 1949.

*F. Prieto Azúar,* abogado del demandado, apelante y apelado; *L. Mercader,* abogado del demandante, apelado y apelante.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

Al comenzar a resolver este caso la corte inferior hizo constar en su opinión lo siguiente:

"'\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

"A nuestro entender este es un caso de daños y perjuicios, en donde las dos teorías, tanto la presentada por demandado como la presentada por demandante, son diametralmente opuestas y ambas partes presentan pruebas para sostener sus alegaciones, de suerte que, la labor del Juzgador es examinar o analizar las mismas, para llegar a una conclusión de cómo ocurrieron y sucedieron los hechos donde un niño, de seis años de edad, pierde la vida."

84

No obstante este enfoque correcto de su misión, a renglón seguido dijo:

*"No nos convence la teoría, presentada por la parte demandante, de que el automóvil venía zigzagueando a una velocidad exagerada, descontrolado, dejando su derecha para coger la derecha del menor y allí, entonces atraparlo.*

*"La teoría del demandado de que el accidente se debió única y exclusivamente a la súbita e inesperada aparición del menor en la trayectoria del automóvil, tampoco nos convence, de acuerdo con la prueba presentada."* (Bastardillas nuestras.)

Hace referencia entonces a la inspección ocular que realizó del sitio en que ocurrió el accidente y resuelve el caso, declarando con lugar la demanda, en esta forma:

" " *         *         *         *         *         *         *

"El chauffeur venía conduciendo su automóvil *a velocidad,* por una recta, y pudo observar el carretón de colas, que según la prueba, era de dos o tres pies de altura, *y a la vez observar la presencia de menores que venían detrás del carro de colas,* pues él venía desde un sitio más elevado y máxime cuando venía montado en su automóvil llevando el guía. ¿Tuvo el chauffeur oportunidad de evitar el accidente? Entendemos que *sí.* El demandado venía por una carretera recta, ancha, no había obstáculos, que impidieron su visualidad, *y al ver la proximidad del carretón y los peatones, entre ellos, niños de seis años, ha debido reducir la velocidad, en otras palabras, ser más prudente, y entonces hubiese tenido una oportunidad clara de evitar el impacto, donde perdió la vida un menor de seis años.* ¿Se le puede imputar al menor Ismael Tosado, negligencia contributoria? Entendemos que no. Véase lo resuelto por nuestro Tribunal Supremo de Puerto Rico, en el caso de *Hernández* v. *Acosta,* 64 D.P.R. 180.

" " *         *         *         *         *         *         *

"Entendemos que los hechos de este caso, son como los hemos expuesto anteriormente y por lo tanto, es aplicable el caso que hemos citado. Cuando se trata de menores de edad, el chauffeur, que conduce un carro por las vías públicas de Puerto Rico éste, debe tomar todas las precauciones y la prudencia que el buen juicio aconseja." (Bastardillas nuestras.)

■■ Por más esfuerzos que hemos hecho no podemos entender bajo qué teoría es que la corte inferior consideró al

demandado negligente en este caso. Primero rechazó la teoría del demandante, es decir, no le mereció crédito su prueba al efecto de que el demandado al guiar su automóvil "venía zigzagueando a una velocidad exagerada, descontrolado, *dejando su derecha para coger la derecha del menor* y allí, entonces atraparlo." Tampoco le mereció crédito la prueba del demandado de que el accidente se debió "única y exclusivamente a la súbita e inesperada aparición del menor en la trayectoria del automóvil." Es más, ratificando esta última conclusión, afirma más adelante que el demandado, por venir bajando una pendiente y estar en un sitio más elevado pudo "observar la presencia de menores que venían *detrás del carro de colas.*" Si el niño lesionado en este caso venía *detrás* del carro de colas y el accidente no se debió a su súbita e inesperada aparición en la trayectoria del automóvil y éste no venía zigzagueando a gran velocidad y no dejó su derecha para coger la del menor y allí atraparlo, ¿en qué forma pudo el demandado, por el simple hecho de reducir la velocidad, tener la "oportunidad clara de evitar el impacto"? No podemos contestar esta pregunta sencillamente porque la corte inferior no resolvió en qué sitio de la carretera, según su apreciación de la prueba, ocurrió el impacto. Y éste era el hecho de primordial importancia en el caso: en qué sitio de la carretera ocurrió el impacto.

Hemos examinado detenidamente la transcripción de la evidencia presentada en este caso y somos de opinión que la única forma de poder determinar ese hecho es dando crédito a una u otra prueba de las partes resolviendo así el conflicto contradictorio que entre ellas existe. Esa misión corresponde, no a esta corte en apelación, sino en primera instancia a la corte inferior, la cual no la cumplió en este caso. Podemos decir que incurrió en manifiesto error al apreciar la prueba ya que al rechazar, tanto la del demandante como la del demandado, resolvió el caso a base de una conclusión *sui generis* que no puede sostenerse.

El caso de *Hernández* v. *Acosta,* 64 D.P.R. 171, citado por la corte sentenciadora es claramente inaplicable, por sus hechos, al de autos. Esto no significa que la regla sobre negligencia contribuyente, en casos de niños de pocos años, no pueda ser aplicable al caso de autos, si la corte inferior establece debidamente cuáles son los hechos que considera probados.

De haber sido un juez en propiedad de la corte inferior el que resolvió el caso, el mismo podría ser devuelto para que hiciera nuevas conclusiones de hechos, de acuerdo con la prueba presentada por las partes. Empero, habiendo sido un juez sustituto el que intervino, *procede la revocación de la sentencia y devolver el caso para la celebración de un nuevo juicio.*